**Noah FINE and Louis Youngman, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 6979.

United States District Court
D. Colorado.

March 14, 1962.

Stanley L. Drexler and Ellis J. Sobol, Attorneys at Law, Denver, Colo., for plaintiffs.

Lawrence M. Henry, U. S. Atty., and Merle R. Knous, Asst. U. S. Atty., Denver, Colo., for defendant.

CHILSON, Judge.

The plaintiffs, operating as a partnership, were engaged in selling to retail outlets certain articles which were subject to an excise tax imposed by Section 2402 of the 1939 Internal Revenue Code, 26 U.S.C.A. § 2402.

To induce retailers to purchase their articles, the plaintiffs agreed with certain retailers to report and pay the federal excise tax imposed by said section. In accordance with the agreement, some returns were filed and taxes were paid by plaintiffs.

The plaintiffs' partnership was dissolved in February 1951, and the partnership assets were sold to a third party.

Several months thereafter, an Internal Revenue agent made an audit of the excise tax returns filed by the partnership and determined from his investigation that returns were not filed for the months of February, March, June and July, 1949, and February and October of 1950.

The agent then filed returns for those months, based upon his investigation, and upon these returns assessments were made upon the plaintiffs. In addition, assessment was made for non-payment of taxes due under a return filed by plaintiffs for February, 1951.

The plaintiffs sued for a refund of the taxes alleged to have been paid by them for the month of February, 1951.

The Government counterclaimed, alleging as its basis for recovery the assessment made upon the plaintiffs.

The matter came on for trial on December 22, 1961, and after hearing the evidence and argument of counsel, the Court found that the plaintiffs were wholesalers and not retailers, and that they were not engaged in selling the merchandise on consignment. The Court also stated that it was left in doubt by

the evidence as to whether or not the plaintiffs had filed returns and paid the taxes for the months of February, March, June and July of 1949, and February and October of 1950, and that whichever party bore the burden of proof under the claim for the refund and the counterclaim would be held not to have sustained it.

The Court requested briefs on the questions involved, which briefs have been filed and considered by the Court.

The plaintiffs attack the right and authority of the Commissioner to make the assessment upon them. Since the Government's right of recovery is based upon the assessment, the validity thereof should be first determined.

The parties agree that the 1939 Internal Revenue Code governs the questions here involved.

Section 3640 thereof reads in part as follows:

"The Commissioner is authorized and required to make * * * assessments of all taxes * * * imposed by this title * * * where such taxes have not been duly paid * * * in the manner provided by law."

Section 3611(a) (1) provides that:

"It shall be the duty of any person made liable to any * * * tax imposed by law, to make a * * * return, verified by oath, to the collector * * * ".

Section 3611(a) (2) provides that:

"If any person liable to pay any tax * * * shall fail to make and exhibit a list or return required by law * * * it shall be the duty of the collector or deputy collector to make such a list or return * * * ".

Two basic questions are involved:

First, are plaintiffs "persons liable for the tax" within the meaning of the above statutes? If so, the Commissioner had authority to make the assessment.

Second, if the plaintiffs are not "persons liable for the tax" within the meaning of these statutes, did the Commissioner have the right and authority to make the assessment?

We address ourselves to the first question. The sections of the applicable 1939 Internal Revenue Code read in part as follows:

Section 2402:

"There is hereby imposed upon the following articles sold at retail a tax * * * * ".

Section 2403:

"Every person who sells at retail any article taxable under this chapter shall make monthly returns * * * and pay the taxes imposed * * * * ".

Section 320.3 of the regulations provides:

"(a) Every person who sells at retail any article covered by the regulations * * * is liable for the tax * * * * ".

Section 320.4 of the regulations construes the words "person who sells at retail" to include a consignor who maintains control over the terms and prices of the articles.

As previously stated, the Court has found from the evidence that the plaintiffs were wholesalers and not retailers or consignors.

The basis for the Government's contention that the plaintiffs are liable for the tax within the meaning of the statutes is found at page 18 of the Government's brief. We quote therefrom:

"Perhaps where plaintiffs err is in their initial premise that a retail excise tax is a tax on a retailer or wholesaler selling on consignment (Br. 10). This is not true since the tax is imposed upon a retail sales transaction; Section 3402 [2402] merely provides that a tax is imposed 'upon the following articles sold at retail.' Thus, it is the retail sale which gives rise to the tax which must be paid over to the Government; if the tax money is kept by the retailer, he, of course, would be liable therefor, and he remains liable therefor under Section 2403. Ordinarily,

the retailer pays the tax to the Government directly and so the problem, presented in this case, does not arise. Regardless of where the tax money goes, the fact is that a tax liability arises *upon a retail sale* and whoever takes this tax money is liable to the Government therefor. Section 2403 merely means that the retailer is liable even if he passes the money along to his wholesale supplier; that section does not purport to impose exclusive liability nor to cloak the wholesaler with immunity if he collects the tax instead of the retailer. Plaintiffs, therefore, are in error when they contend that the retail excise tax is a tax on any specific person; it is a tax on a transaction, a tax brought into being by a retail sale, and the person liable for the tax is the person who collects it, in this case the plaintiffs."

■ The Government is correct when it states that the statute imposes the tax upon "articles sold at retail". Obviously, an "article" cannot be a taxpayer. Liability for the payment of the tax must be placed on a person.

If the statute said nothing more than that a tax is imposed upon "articles sold at retail", it could be argued that since the tax is on the "article", the person "liable to pay the tax" might be the manufacturer or the distributor or the wholesaler or the retailer or the purchaser, or all of them jointly. In other words, in such case, the Court would have to construe the congressional intent to determine the person or persons liable for the tax.

The Congress did not leave the courts in this dilemma. In Section 2403 the Congress specified "the person liable for the tax" by stating:

"Every person who sells at retail any article taxable * * * shall make * * * returns * * * and pay the tax imposed * * *".

The Congress, having specifically and without any ambiguity whatsoever, specified "the person liable for the tax", this

Court is not at liberty to enlarge the statute. To permit the construction for which the Government contends, the Court would have to enlarge the statute to read, "every person who sells at retail any article taxable *or any person who collects such tax* * * * shall make * * * returns * * * and pay the taxes imposed * * *". The Court concludes that such a construction and enlargement of the statute is neither justified nor proper.

Having determined that the plaintiffs are not persons liable for the tax within the meaning of the statutes, we now consider the right and authority of the Commissioner to impose liability by assessment upon persons who are not made liable for the tax by the statute.

■ The Government contends that the plaintiffs are liable to the Government for the taxes which they collected. This may well be true, for it is well recognized that the Government, in certain circumstances, may collect taxes from persons who are not liable therefor under the taxing statute. That the Government may proceed against persons other than the taxpayer by a suit in equity or an action at law is well recognized. (See Senate Finance Committee Report, 69th Congress, First Session, Senate Report 52.)

■ In this case we have a much narrower question—the question of whether or not the Commissioner may make an assessment for unpaid taxes upon those who are not made liable for the tax by the taxing statute.

This question must be answered in the negative. Although Section 3611 of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3611, authorizes the Commissioner to assess certain persons who are not liable for the tax (transferees) in certain cases, this statute is not here applicable.

We know of no other statutory authority of the Commissioner under the 1939 Internal Revenue Code to make an assessment upon anyone other than the taxpayer and none has been cited.

That the Commissioner's power of assessment is purely statutory is evident from the legislative history of the act authorizing assessment of transferees. Again we refer to the Senate Finance Committee Report 52, 69th Congress, First Session, wherein the Committee was considering the assessment of transferees. The report pointed out that there were a number of situations in which an independent liability for a tax arises in respect of a person other than the taxpayer. The report further pointed out that the Government had a right of recovery in such cases by suits in equity or actions at law, but that this liability could not be imposed by assessment. The report states in part as follows:

"Under existing law proceedings for the enforcement of liabilities such as those heretofore discussed are solely by court proceedings. No proceeding before the board for the redetermination of a deficiency and for the ultimate enforcement by assessment and distraint may be had.

"It is the purpose of the committee's amendment to provide for the enforcement of such liability to the Government by the procedure provided in the act for the enforcement of tax deficiencies."

The Court therefore concludes that the Commissioner's authority to impose liability by assessment is purely statutory, and there being no statutory authority for the assessment here involved, the assessment is void and the Government's counterclaim based thereon should be denied.

The plaintiffs, in their brief, have admitted that they are not entitled to recover on their complaint. The Court concurs.

IT IS THEREFORE ORDERED that the plaintiffs shall, within 30 days from this date, prepare and submit to the Court and opposing counsel proposed findings of fact, conclusions of law, decree and judgment in harmony with this opinion and the previous findings of the Court. Counsel for the defendant shall have 10 days thereafter within which to file objections to the proposed findings of fact, conclusions of law, decree and judgment.